Filed 4/13/21  P. v. Howard CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074182 |
| v. | (Super.Ct.No. RIF1601045) |
| ISAIAH DAVILON LEE HOWARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Isaiah Davilon Lee Howard, filed a petition for resentencing pursuant to Penal Code[1] section 1170.95 (Stats. 2018, ch. 1015, § 4), which the trial court dismissed. Defendant contends the court erred in dismissing his petition on the grounds that section 1170.95 does not apply to those convicted of attempted murder. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant willfully and unlawfully, with malice aforethought, attempted to murder the victim for the benefit of, at the direction of, and in association with a criminal street gang. The People charged defendant by information with attempted murder (§§ 664, 187, subd. (a), count 1), carrying a loaded firearm in public which was not registered to the defendant (§ 25850, subd. (c)(6), count 2), and being a prohibited person in possession of a firearm (§ 29820, count 3). The People additionally alleged that in the commission of the count 1 offense, a principal had personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d), (e)), and that defendant had committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)).

Pursuant to a negotiated agreement, defendant pled guilty to attempted murder (§§ 664, 187, subd. (a)), without premeditation and deliberation, and admitted the offense was committed for the benefit of, at the direction of, and in association with a criminal

---

[1] All further statutory references are to the Penal Code.

street gang (§ 186.22, subd. (b)(1)(C)).[2]  In return, the remaining counts and allegation were dismissed, and the court sentenced defendant to a determinate term of 17 years of imprisonment.

Defendant filed a petition for resentencing pursuant to section 1170.95.  At the hearing on defendant's petition, the People moved to dismiss because defendant had been convicted of attempted murder, not murder.  The court dismissed the petition.

## II.  DISCUSSION

Defendant contends the court erred in dismissing his petition on the grounds that section 1170.95 does not apply to those convicted of attempted murder.  We disagree.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] narrowed the scope of liability for first and second degree murder by altering the doctrines that had allowed convictions for those offenses in the absence of malice.  Effective January 1, 2019, Senate Bill 1437 made that change by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine."  (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 917.)

"The Legislature also added section 1170.95 to the Penal Code.  That provision creates a procedure for offenders previously convicted of felony murder or murder under a natural and probable consequences theory to obtain the benefits of these changes retrospectively.  If the petitioner makes a prima facie showing of entitlement to relief under section 1170.95, subdivision (a), the petitioner is entitled to receive 'a hearing to

---

[2]  As part of the agreement, defendant also pled guilty in three misdemeanor cases.

3

determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced.'" (*People v. Sanchez*, *supra*, 48 Cal.App.5th at p. 917.)

"By its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder." (*People v. Sanchez*, *supra*, 48 Cal.App.5th at p. 918; accord *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; accord *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175 ["The plain language meaning of Senate Bill 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history."]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234 ["Senate Bill 1437 does not apply to attempted murder convictions."]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 ["Senate Bill No. 1437 . . . reaches the crime of murder but has no application to attempted murder."]; accord *People v. Love* (2020) 55 Cal.App.5th 273, 286, review granted Dec. 16, 2020, S265445 ["In our view, Senate Bill 1437's legislative history pretty clearly establishes that its amendments apply to the crime of murder and to

4

that crime alone."]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 ["Senate Bill 1437 does not apply to attempted murder."]; accord *People v. Harris* (2021) 60 Cal.App.5th 557.) We agree with the previous panels of this court in *People v. Sanchez, supra,* 48 Cal.App.5th 914 and *People v. Harris*, that the plain language of section 1170.95 limits relief to those convicted of murder; no reference to attempted murder appears in section 1170.95. Thus, the court properly dismissed defendant's section 1170.95 petition because defendant had been convicted of attempted murder, not murder.

Three courts have held that Senate Bill No. 1437 does apply to those convicted of attempted murder but only on direct appeal from the judgment: "[W]e conclude Senate Bill 1437 precludes any imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought. Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*People v. Medrano, supra,* 42 Cal.App.5th at p. 1013; accord *People v. Larios, supra,* 42 Cal.App.5th at p. 968 ["Senate Bill 1437's abrogation of the natural and probable consequences doctrine as stated in section 188, subdivision (a)(3) necessarily applies to attempted murder."]; accord *People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted June 10, 2020, S261768 ["[W]e conclude Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions."].) However, "the section 1170.95 petitioning procedure does not apply to defendants for their convictions of attempted murder . . . ." (*Medrano*, at p. 1008; accord *Larios*, at p. 961 ["[S]ection

5

1170.95 provides no relief for the crime of attempted murder."]; accord *People v. Sanchez*, *supra*, 46 Cal.App.5th at p. 644 [The conclusion that "Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions . . . applies retroactively on direct appeal."])  Thus, even if we assumed that Senate Bill No. 1437 applied to convictions for attempted murder, the petitioning and resentencing procedures of section 1170.95 do not.  Therefore, because defendant's appeal is from the denial of a section 1170.95 petition and not from the judgment, he is not entitled to any relief.  The court properly denied his section 1170.95 petition.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                        J.

We concur:


RAMIREZ
            P. J.


MENETREZ
            J.

6